IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  06-cv-00146-PSF-MJW

PATRICK PORTLEY-EL,

    Petitioner,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

    This matter is before the Court on Petitioner Patrick Portley-El's Objection (Dkt. # 17), filed July 3, 2006.  Mr. Portley-El objects to the Magistrate Judge's Order of June 23, 2006 (Dkt. # 15) that found that respondents had filed an answer and refused to enter default as requested.  Specifically, Mr. Portley-El claims that the Magistrate Judge conducted an "obviously . . . cursory investigation . . . [and] superficially concluded that Petitioner had been served with a copy of the Answer at question and that the Respondent was not in default."  Pl.'s Obj. at 1.  He claims that the Magistrate Judge's conclusions were "hasty and erroneous" and details the elaborate mail system at Sterling Correctional Facility ("SCF"), where he is incarcerated.  *Id.* at 1-2.  He asks this Court to subpoena the SCF mail logs to determine whether an answer was actually served by mail and whether the respondents are in default.

Magistrate judges are authorized to hear and determine any nondispositive pretrial matter referred to them. *See* F.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). Review of a magistrate judge's rulings on a nondispositive matter, such as the default status at issue here, is subject to the "clearly erroneous or contrary to law" standard. *Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir.), *cert. denied*, 506 U.S. 1014 (1992); *Smith v. Colorado Interstate Gas Co.*, 794 F. Supp. 1035, 1040 (D. Colo. 1992). An order is "clearly erroneous" when the reviewing court, after evaluating the entirety of the evidence, is left with the definite and firm conviction that a mistake has been made. *See Cook v. Rockwell Int'l Corp.,* 147 F.R.D. 237, 243 (D. Colo. 1993) quoting *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 580 (10th Cir. 1990) and *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1536 (10th Cir. 1990).

Here, the Magistrate Judge correctly noted that respondents' answer was filed with the Court on April 7, 2006 (Dkt. # 11) and that it included a certificate of service indicating that Mr. Portley-El was served with a copy via regular mail at SCF. Pursuant to F.R.Civ.P. 5(b)(2)(B), service by mail is proper and is deemed completed upon mailing. Further, "the law presumes delivery of a properly addressed piece of mail." *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994).

Mr. Portley-El does not contend that the answer was improperly addressed; rather he claims that the Certificate of Service "does not intimate and is not all inclusive that the Petitioner was served with an Answer nor does it intimate that said Answer was ever placed in the mail for mailing." Pl.'s Obj. at 1. He claims that "[g]reater proof than an unsupported certificate of service . . . must be produced." *Id.* at 2. He cites no legal

authority for this position. Rather, a court will treat a certificate of service as *prima facie* evidence that service occurred on the date listed on the certificate, unless plaintiff offers evidence to the contrary. *See Chesson v. Jaquez*, 986 F.2d 363, 365 (10th Cir. 1993). In light of a lack of evidence to the contrary and the controlling legal authority cited above, the Court cannot say that the Magistrate Judge's Order of June 23, 2006 was clearly erroneous or contrary to law, or for that matter an abuse of discretion. *See also Rountree v. Snow*, 2006 WL 1876567 at *1 (N.D. Okla., July 5, 2006) ("Plaintiff's own statement that he was not served with a copy of the motion to dismiss is not enough to overcome the presumption that he received a copy of defendants' motion to dismiss by first class mail.").

Moreover, the Court notes that Mr. Portley-El's Traverse to the Answer to Application for Writ of Habeas Corpus (Dkt. # 18) at least implicitly acknowledges his eventual receipt of the answer, which the Magistrate Judge ordered sent (or resent) to petitioner in the Minute Order of June 23, 2006 (Dkt. # 15). A second certificate of service was filed with the Court on June 23, 2006 (Dkt. # 16) indicating service by mail to petitioner at SCF that day. Thus petitioner has shown no prejudice caused by the alleged omission by defendant.

It is therefore ORDERED that Plaintiff's Objection (Dkt. # 17) is OVERRULED.

DATED: November 21, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge