IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00146-WYD-KLM

PATRICK PORTLEY-EL,

    Petitioner,

v.

KEVIN MILYARD, and
COLORADO ATTORNEY GENERAL,

    Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 2; Filed January 26, 2006] filed by Patrick Portley-El ("Applicant"). Respondents filed an Answer to the Application for Writ of Habeas Corpus on April 7, 2006 [Docket No. 11]. Applicant filed a Traverse [Docket No. 18; Filed August 2, 2006]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **DENIED**.

**I.**     **Statement of the Case**

At the time of filing, Applicant was incarcerated in the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). *Application* [#2] at 14. The Application for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, designates two

1

claims: (1) "whether the due process requirements regarding a neutral and detached decision maker was [sic] violated;" and (2) "whether a procedural defect, however harmless, warrants dismissal." *Application* [#2] at 3.

On February 25, 2001, Applicant apparently refused orders from prison officials to "lock down" and eventually was handcuffed and physically escorted to his cell. *Answer* [#11] at Ex. A. As a result, Applicant was charged with two Code of Penal Discipline ("COPD") Violations: advocating or creating facility disruption and disobeying a lawful order. *Answer* [#11] at Ex. A. Due to the COPD charges, an administrative segregation hearing was held on March 2, 2001, at which time Applicant's inmate custody/classification was changed to administrative segregation. *Id.* at Ex. D. Applicant was also terminated from the Progressive Reintegration Opportunity Unit ("PRO Unit") for refusing to lock down. *Id.* Applicant was convicted of the two COPD charges on March 6, 2001. *Id.* at Ex. A. In his first claim, Applicant alleges that he was not afforded due process at his administrative segregation hearing because two members of the classification committee were also members of the PRO unit management team, which determined that his conduct justified termination from the PRO unit program. *Id.* at 6. In his second claim, Applicant alleges that pursuant to Administrative Regulation ("AR") 600-02, a review of all appeals must be conducted within five working days. *Id.* at 9. Applicant contends that the review of his administrative segregation hearing was held in six working days. *Id.* Applicant challenges the findings of the state court that the review was done in a timely manner, and that any potential defect was harmless. *Id.* at 9-10. Applicant seeks expungement of the sanction

and restoration of his lost good time and earned time credits as well as costs and reasonable interest. *Id.* at 14.

## II.     Preliminary Matters

### A.     Standard of Review

Applicant asserts that his claims are brought pursuant to 28 U.S.C. § 2254. *Application* [#2] at 1.  28 U.S.C. § 2254(d) provides that an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).  However, despite Applicant's characterization of Section 2254 as the statutory basis for his habeas corpus application, the Court has reviewed his claims and finds that his claims are properly asserted pursuant to 28 U.S.C. § 2241. That is, petitions pursuant to Section 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), in contrast to Section 2254 habeas proceedings, which are used to collaterally attack the validity of a conviction and sentence.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Bradshaw*, 86 F.3d at 166; *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).  Claims involving revocation of good time credits or other sentence shortening issues are properly asserted pursuant to Section 2241.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Applicant is challenging the

3

revocation of his good time and earned time credits and the processes used during his administrative segregation hearing. Therefore, Applicant is attacking the execution of his sentence, and not the underlying validity of his criminal conviction and sentence. Accordingly, it is proper for this Court to construe his application as brought pursuant to Section 2241. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing the long-standing practice of federal courts of treating requests for habeas relief under proper statutory section where *pro se* prisoner has labeled the petition differently).

Finally, Applicant is proceeding *pro se*. Therefore, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### III. Analysis

#### A. Exhaustion

Respondents argue that "the Court is barred from granting habeas relief to Plaintiff because he failed to allege that he fairly presented his claims to the Colorado appellate courts." *Answer* [#11] at 6. Although Section 2241 contains no express exhaustion requirement, a habeas petitioner is required to exhaust state remedies whether his action is brought pursuant to § 2241 or § 2254. *See Coleman v. Thompson*, 501 U.S. 722, 731

4

(1991); *Montez*, 208 F.3d at 866; *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). The Supreme Court has held that exhaustion of state remedies requires that an Applicant "fairly presen[t]" federal claims to the state courts in order to give the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted). In *Duncan v. Henry*, 513 U.S. 364, 366 (1995), the Supreme Court recognized that an applicant must alert the state court to the federal constitutional nature of his claims in order to properly exhaust his claims. That is, "mere similarity of claims is insufficient to exhaust," and "[i]f a habeas petitioner wishes to claim that [a ruling] at a state court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 366. Respondents argue that "[i]n his application, it is apparent that [Applicant] never sought state court review of his COPD convictions. Additionally, he does not claim that he presented his claim to the Colorado courts as a federal constitutional claim." *Answer* [#11] at 8.

Applicant filed a Colo. R. Civ. P. 106(a)(4) action seeking review of his administrative segregation hearing with the Fremont County District Court. *Application* [#2] at 15. In affirming the administrative segregation hearing, the Fremont District court found: (1) there was no evidence of bias because the same staff participated in both the PRO unit review and the administrative segregation hearing; and (2) Plaintiff was not denied procedural due process and the record did not establish that the administrative review was one day out of time. *Id.* at 16. It further found that if any procedural defect had occurred, it would be

5

"insufficient to warrant a reversal and is harmless." *Id.* In Colorado Court of Appeals Case No. 04CA0345, Applicant appealed the decision of the Fremont County District Court, again arguing that the CDOC hearing board abused its discretion and violated his right to due process. *Id.* at 18. By judgment dated May 5, 2005, the Colorado Court of Appeals affirmed the judgment of the Fremont County District Court, finding no abuse of discretion or violation of due process. *Id.* at 20-21. Applicant then filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied on September 19, 2005. *Id.* at 23.

Applicant contends that he is not seeking to expunge nor challenge the COPD disciplinary conviction. *Traverse* [#18] at 2. Instead, he states that he "only challenge[s] the administrative segregation process, its findings, and the direct affects [sic] it had upon him which included over two years loss of good time credits . . . ." *Id.* Considering that Applicant has raised his due process claims in regard to the administrative segregation hearing at every level of state court appeal, the Court finds that he has properly exhausted his state remedies with regard to this claim, as he has fairly alerted the state courts to the federal constitutional nature of his claims. *See Duncan*, 513 U.S. at 366. Further, because Applicant states that he does not seek to challenge his COPD convictions, the Court will not consider any arguments with regard to these claims.

Accordingly, I decline to recommend dismissal of the Application for lack of exhaustion, because it appears that Applicant has fully exhausted his state remedies with regard to his claims that the administrative segregation hearing violated his right to due process.

B.     **Failure to State a Basis for Habeas Relief**

Respondents argue that "[a]lthough courts have historically held that prison administrative decisions which result in the revocation of good time credits must be addressed in a habeas corpus action, those courts did not consider the situation in which good time credits have no effect on the length of a prisoner's sentence." *Answer* [#11] at 9. Respondents allege that because good time credits only affect an inmate's parole eligibility date, this deprivation does not entitle Applicant to habeas relief. *Id.* at 10.

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or law or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A claim brought pursuant to Section 2241 is cognizable if it attacks the execution of a prisoner's sentence as it affects the fact or duration of the prisoner's confinement. *See, e.g., Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). Courts in this jursdiction have repeatedly held that "[q]uestions of parole eligibility and good time credits are appropriately brought *only in a habeas corpus action* . . . because they are challenges to the length of an inmate's incarceration." *Fistell v. Neet*, 2006 WL 2864659, at *9 (D. Colo. Oct. 5, 2006) (unpublished decision) (emphasis provided); *see also McIntosh,* 115 F.3d at 811 (stating § 2241 is appropriately used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir.1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary

7

proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits"); *Phillips v. Steinbeck*, 2008 WL 821789, at *15 (D. Colo. March 26, 2008) (unpublished decision); *Robinson v. Zavaras*, 2008 WL 582190, at *2 (D. Colo. March 3, 2008) (unpublished decision); *Dodge v. Moschetti*, 2007 WL 1490462, at *1 (D. Colo. May 18, 2007). Therefore, pursuant to the law as set forth in this jurisdiction, Applicant's claims regarding the loss of his good time and earned time credits are only cognizable in a habeas action.

Accordingly, I decline to recommend dismissal of the Application on the grounds that it fails to state a basis for habeas relief, because the Application appears to be properly brought pursuant to Section 2241.

### C. Res Judicata/Collateral Estoppel

Next, Respondents argue that Applicant's claims are barred by the doctrine of collateral estoppel, contending that "[i]f a complaint seeks relief for the same injury that was litigated in the prior state court action, the federal district court must give full faith and credit to the state court judgment." *Answer* [#11] at 13. Though occasionally used to refer to the narrower concept of claim preclusion, the doctrine of *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel. *See, e.g., Carter v. City of Emporia*, 815 F.2d 617, n. 2 (10th Cir. 1987). "The doctrine of res judicata, or claim preclusion, will prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). However, although Respondents cite many

8

cases related to the application of *res judicata*, the Court notes that none of these cases stand for the proposition that *res judicata* is applicable in a habeas proceeding. Indeed,

> [a[ fundamental principle of law in [the] field [of habeas corpus] is that the rule of *res judicata* does not apply. It is also well settled that in a habeas corpus proceeding brought by a state prisoner in a Federal Court, in which a Federal Constitutional question is raised, a prior adjudication of the law or the facts pertaining to the question by a state court is not to be accepted by the Federal Judge without first determining that there is factual and legal support for such adjudication.

*Sobota v. Cox*, 355 F.2d 368, 369 (10th Cir. 1966) (citations omitted).

That is, the Supreme Court has recognized that "[t]he writ of habeas corpus is a major exception to the doctrine of *res judicata*, as it allows relitigation of a final state-court judgment disposing of precisely the same claims." *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 512 (1982); *see also Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103, 1111-12 (1st Cir. 1978) (holding that the "federal habeas remedy . . . offers a federal forum regardless of what state proceedings have already taken place and in effect allows a single federal district judge to overrule the judgment of the highest state court, unfettered by the constraints of collateral estoppel and *res judicata*."). Indeed, if the Courts were to apply *res judicata* in the manner that Respondents suggest, the avenue of habeas corpus would become meaningless, as applicants would be required to exhaust their state remedies, only to have their habeas petitions denied on the grounds that their claims were previously litigated in state court.

Accordingly, I decline to recommend dismissal of the Application on the grounds of *res judicata*, because it appears that *res judicata*, as asserted by Respondents, does not

properly apply to habeas corpus petitions.

> **D.      The Administrative Segregation Hearing Comported With the Requirements of Due Process**

The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1; *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" *Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995). While Applicant does not identify any specific liberty interest, he claims that he lost "over two years" of good time credits, and an unidentified amount of earned time credits. *See Application* [#2] at 14; *Traverse* [#18] at 2. Construing the Application liberally, it appears that Applicant is claiming a liberty interest in his good time and earned time credits.

It is well established that the United States Constitution does not create a liberty interest in good time or earned time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). As such, the Applicant's liberty interest, if one exists, must be created by state law. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). However, the Court finds that Colorado law has not created a liberty interest in good time or earned time credits. With regard to good time credit, Colo. Rev. Stat. § 17-22.5-301(3) provides that "[e]ach person sentenced for a crime committed on or after July 1, 1985, shall be subject to all the provisions of this part 3; except that the good

10

time authorized by this section shall not vest and *may be withheld or deducted by the department.*" (emphasis provided). With regard to earned time credit, Colo. Rev. Stat. § 17-22.5-405(1) provides that "[e]arned time, not to exceed ten days for each month of incarceration or parole, *may be deducted from the inmate's sentence* . . . ." (emphasis provided). Therefore, pursuant to these Colorado state statutes, the decision to grant or deny good time and earned time is entirely within the discretion of the CDOC, and the CDOC's failure to award good time or earned time credits does not create an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Starkweather v. Archuletta*, 2008 WL 2323878, at *5 (D. Colo. June 4, 2008) (unpublished decision) (denying a § 2241 application on the grounds that Colorado state prisoners have no liberty interest in good time or earned time credits). In addition, Colorado law provides that good time credits are applied to determine parole eligibility, and not to determine a mandatory release date. *See, e.g., Meyers v. Price*, 842 P.2d 229, 231-32 (Colo. 1992). Therefore, the CDOC's decision to withhold or withdraw good time credits cannot implicate a liberty interest. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 443 U.S. 1, 7 (1979) (finding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

Because Applicant has not shown that he was deprived of a liberty interest, his due process claims must fail. Accordingly, I respectfully **RECOMMEND** that Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 2; Filed January 26, 2006] be **DENIED**.

**IV.  Evidentiary Hearing.**

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See, generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

**V.  Conclusion**

As set forth above, I respectfully **RECOMMEND** that Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 2; Filed January 26, 2006] be **DENIED** and that this case be **DISMISSED WITH PREJUDICE.**

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: December 1, 2008