IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00146-WYD-KLM

PATRICK PORTLEY-EL,

    Petitioner,

v.

KEVIN MILYARD, and
COLORADO ATTORNEY GENERAL,

    Respondents.

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court in connection with Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed January 26, 2006 [#2]. The matter was referred to Magistrate Judge Watanabe by Order of Reference dated March 7, 2006, and subsequently reassigned to Magistrate Judge Mix effective August 6, 2007. A Response to the Petition was filed by Respondents on April 7, 2006.

Magistrate Judge Mix issued a Recommendation of United States Magistrate Judge on December 1, 2008 ("Recommendation"), recommending that the Application be denied. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

By way of background, I note that Petitioner's Application arises out of an administrative segregation hearing conducted while he was incarcerated in the Sterling

Correctional Facility of the Colorado Department of Corrections. Petitioner contends that he was not afforded due process during the hearing and that review of his appeal of the outcome of the hearing was not performed in a timely manner. He seeks expungement of the sanctions imposed as a result of the hearing, restoration of his lost good time and earned time credits, as well as costs and reasonable interest.

In the Recommendation, Magistrate Judge Mix determined that the Application was more properly asserted pursuant to 28 U.S.C. § 2241, rather than section 2254. Recommendation at p. 3-4. Magistrate Judge Mix then proceeded to reject Respondents' arguments that the Application should be dismissed for failure to exhaust, failure to state a claim, and on the grounds of *res judicata*. Recommendation at 4-10. However, Magistrate Judge Mix did recommend denial of the Application based on her finding that Petitioner failed to demonstrate that he was deprived of a liberty interest. Recommendation at 10-11. Magistrate Judge Mix noted that because the decision to grant or deny good time and earned time is entirely within the discretion of the Colorado Department of Corrections, and because Colorado law provides that good time credits are applied to determine parole eligibility, not a mandatory release date, the decision to withhold or withdraw good time credits cannot implicate a liberty interest. Recommendation at 11 (citing *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 443 U.S. 1, 7 (1979)).

As to the Recommendation, Magistrate Judge Mix advised Petitioner that specific written objections were due within ten (10) days after service of the Recommendation. No objections were filed to the Recommendations. No objections

having been filed, I am vested with discretion to review the Recommendations "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendations to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Mix's analysis is well reasoned and sound. Accordingly, I find that the Recommendation should be affirmed and adopted in its entirety.

Based upon the foregoing, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge, issued December 1, 2008 [#26], is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed January 26, 2006 [#2] **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

Dated: December 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U.S. District Judge