IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00146-WYD-KLM

PATRICK PORTLEY-EL,

    Petitioner,

v.

KEVIN MILYARD, and
COLORADO ATTORNEY GENERAL,

    Respondents.

## ORDER

THIS MATTER is before the Court on Petitioner's Request for Clarification.  By was of background, I note that Petitioner initiated this action with the filing of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 26, 2006.  At the time the Petition was filed, Petitioner was being held at the Sterling Correctional Facility in Sterling Colorado.  On December 7, 2007, Petitioner filed a Notice of Change of Address indicating that he had been temporarily transferred to the North Fork Correctional Facility in Oklahoma.

On December 1, 2008, Magistrate Judge Mix entered a Report and Recommendation that the Petition be denied and this case be dismissed with prejudice (the "Recommendation").  On December 29, 2008, I entered an Order Adopting and Affirming Magistrate Judge Mix's Recommendation (the "Order").  In the Order, I noted that specific written objections were due to be filed within ten (10) days after service of

the Recommendation and that no objections to the Recommendation had been filed. Nevertheless, I reviewed the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." See Fed. R. Civ. P. 72(b) Advisory Committee Notes. I found that Magistrate Judge Mix's analysis was well reasoned and sound, and concluded that the Recommendation should be affirmed and adopted in its entirety.

After the Order was entered on December 29, 2008, but later that same day, a docket annotation was entered in this case indicating that the copy of the Recommendation mailed to Petitioner at the North Fork Correctional Facility was returned undeliverable [doc. #28]. On December 30, 2009, the Clerk entered Judgement in this case in favor of Respondent and against Petitioner. Subsequent docket entries indicate that the Order and Judgement mailed to Petitioner at the North Fork Correctional Facility were also returned undeliverable [doc #'s 30, 31].

On May 18, 2009, Petitioner filed a Motion for Order for Determination requesting a prompt ruling on his Petition. Based on the signature block contained in this document, it appeared that Petitioner had been transferred to the Kit Carson Correctional Facility in Burlington, Colorado. Based on this information, and despite the fact that Petitioner failed to file a Notice of Change of Address pursuant to D.C.Colo.LCivR 10.1(M), I entered a Minute Order denying the Motion for Order for Determination as moot, and directing the Clerk to mail Petitioner a copy of the Minute Order, Judgment, Order, and Recommendation at Petitioner's Kit Carson Correctional Facility address. These documents were mailed to Petitioner at the Kit Carson Correctional Facility on June 4, 2009.

In the pending Request for Clarification, filed June 25, 2009, Petitioner complains that he only recently received a copy of the Recommendation, Order, and Judgment, and he requests that this case be reopened "to allow him to object and make a timely appeal to the Tenth Circuit if necessary." I will construe Petitioner's Request as a motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6).

Petitioner did not receive copies of the Recommendation, Order or Judgement in this case when they were initially issued because he failed to file a Notice of Change of Address indicating he had been transferred. Although Petitioner is proceeding in this matter *pro se*, it is his responsibility to comply with the local rules including D.C.Colo.LCivR 10.1(M), which provides that "within five days after any change of address . . . of any attorney or pro se party, notice of the new address . . . shall be filed." Petitioner cannot claim he was unaware of this rule because he already filed a Notice of Change of Address in this case on December 7, 2007.

Judgment in this case entered on December 30, 2008. Clearly, the 30-day time limit for Petitioner to file a Notice of Appeal has expired. Nevertheless, pursuant to Fed. R. App. P. 4(a)(6)(A)-(C), I find that Petitioner did not receive notice of the entry of judgment in this case within 21 days after the entry, he filed his request to reopen the matter within 180 days after the judgment was entered, and that no party would be prejudiced by reopening the time for Petitioner to appeal in this case.

Therefore, pursuant to Fed. R. App. P. 4(a)(6), it is hereby

ORDERED that Petitioner's Request for Clarification, which I construe as a Request to Reopen the Time to File an Appeal, filed June 25, 2009 [#38] is **GRANTED**.

It is

      FURTHER ORDERED that Petitioner shall have fourteen (14) days following the date of entry of this Order in which to file a Notice of Appeal in this case.

     Dated: July 14, 2009

                                  BY THE COURT:

                                  s/ Wiley Y. Daniel
                                  Wiley Y. Daniel
                                  Chief United States District Judge